117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barbara A. RADI, and individual, Plaintiff-Appellant,
v.
BENNETT LAW OFFICES, a Utah Law Firm; Michael B. Bennett,
Defendants-Appellees.
 No. 96-16429.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 12, 1997.
July 2, 1997.
 
 Appeal from the United States District Court for the District of Arizona, D.C. No. CV-95-02741-PGR; Paul G. Rosenblatt, District Judge, Presiding.
 Before GOODWIN, D.W. NELSON, and TROTT, Circuit Judges.
 MEMORANDUM*
 Barbara A. Radi appeals the district court's dismissal for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), of her action against Bennett Law Offices and Michael B. Bennett. Radi alleged that Defendants' actions in attempting to collect a dishonored check violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692o. The district court dismissed the complaint on two grounds: 1) because Plaintiff failed to respond to Defendants' motion to dismiss, and 2) because it concluded that a dishonored check is not a debt within the neaning of the FDCPA.
 We recently held that the FDCPA is not limited to the collection of debts arising out of credit transactions, that a dishonored check is a "debt" within the meaning of the FDCPA, and therefore that the FDCPA does apply to the collection of dishonored checks. Charles v. Lundgren & Associates, No. 96-15995 (9th Cir. June 1997). In light of our opinion in Charles, we remand this case to the district court for reconsideration of the motion to dismiss. REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3